1 | DWIGHT L. ARMSTRONG (BAR NO. 075716)
2 | JOHN M. SCHEPPACH (BAR NO. 240633)
  | ALLEN MATKINS LECK GAMBLE
3 |   MALLORY & NATSIS LLP
  | 1900 Main Street, Fifth Floor
4 | Irvine, California 92614-7321
  | Phone: (949) 553-1313
5 | Fax: (949) 553-8354
  | E-Mail: darmstrong@allenmatkins.com
6 |         jscheppach@allenmatkins.com

Attorneys for Defendant
CR&R INCORPORATED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| KARLA VELASCO, | Case No. 8:15-cv-01962 |
|---|---|
| Plaintiff, | |
| vs. | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 & 1441(a)** |
| CR&R INCORPORATED and DOES 1 through 50, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that Defendant CR&R Incorporated ("CR&R" or "Defendant") hereby removes to the United States District Court for the Central District of California, the action pending in the Superior Court of the State of California in and for the County of Orange, Case No. 30-2015-00810297-CU-WT-CJC, based on federal-question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441(a), for the reasons and on the grounds stated below:

///

///

///

1.     On September 16, 2015, an action was commenced in the Superior Court of the State of California in and for the County of Orange, Central Justice Center ("Superior Court"), entitled *Karla Velasco v. CR&R Incorporated, a California corporation; and DOES 1 through 50, inclusive,* Case No. 30-2015-00810297-CU-WT-CJC (the "State Court Action").  A true and correct copy of the Civil Cover Sheet, Summons, and Complaint in the State Court Action are attached collectively as **Exhibit A**.

2.     The 30-day removal period provided in 28 U.S.C. § 1446(b) does not commence until proper service of the state-court summons and complaint under the relevant state law, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), which here is California law.

3.     On October 26, 2015, Defendant's counsel signed and dated an Acknowledgment of Receipt, accepting service of the Summons and Complaint in the State Court Action.  On October 26, 2015, Defendant's counsel sent correspondence to Plaintiff's counsel, enclosing the executed Acknowledgment of Receipt.  A true and correct copy of this correspondence is attached as **Exhibit B**.

4.     Under California law, "service . . . is deemed complete on the date written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender."  Cal. Civ. Proc. Code § 415.30(c).  Accordingly, here, service was deemed complete on October 26, 2015.

5.     Defendant's removal is timely in that this Notice of Removal has been filed within thirty (30) days of the execution of the Acknowledgment of Receipt.  *See Chissie v. Winco Foods, LLC*, No. 2:09-cv-02915-MCE-KJM, 2010 U.S. Dist. LEXIS 12333, at *5 (E.D. Cal. Feb. 12, 2010).

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal with its attachments will be promptly served on Plaintiff's counsel, and notice thereof will be filed with the Clerk of the Orange County Superior Court.

7. The documents attached hereto as **Exhibits A and B** (explained above), **Exhibit C** (a conformed copy of the Answer in the State Court Action), and **Exhibit D** (other documents on file in the Superior Court) constitute true and correct copies of all available process, pleadings and orders on file with the Superior Court or served upon Defendant in the State Court Action.

8. CR&R is the only named defendant which has been served with the state-court Summons and Complaint. The remaining defendants are all fictitious "DOE" defendants. DOE defendants are not required to join in removal. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

## REMOVAL BASED ON FEDERAL-QUESTION JURISDICTION

9. Under 28 U.S.C. § 1446(a), a removing defendant must provide a "short and plain statement of the grounds for removal" in its notice of removal.

10. As discussed below, this action is one which may be removed to this federal court pursuant to 28 U.S.C. §§ 1331 and 1441(a) because the existence of a claim alleged under a federal statute, the Family and Medical Leave Act ("FMLA"), creates federal-question jurisdiction. Moreover, supplemental jurisdiction exists over the remaining claims. 28 U.S.C. § 1367.

11. Plaintiff's Complaint in the State Court Action alleges five claims or causes of action: (1) violation of the California Family Rights Act (asserted under California Government Code § 12945.2); (2) violation of the Family and Medical Leave Act (asserted under 29 U.S.C. §§ 2601 *et seq*.); (3) retaliation (asserted under California Government Code § 12940(h)); (4) failure to prevent retaliation (asserted under the California Fair Employment and Housing Act); and (5) wrongful termination in violation of public policy.

13. The second cause of action in the Complaint is asserted under a federal statute, *i.e.*, the FMLA. (Compl. p. 8.) Moreover, in the second cause of action, Plaintiff's Complaint seeks remedies under the FMLA, including liquidated damages under 29 U.S.C. § 2617(a)(1)(A). (Compl. ¶ 46.) Accordingly, the second cause of action arises under federal law and creates federal-question jurisdiction.

1    14.    Supplemental jurisdiction exists over the four remaining claims in the Complaint because they are so related to the federal FMLA claim that they form "part of the same case or controversy." 28 U.S.C. § 1367(a). Indeed, all of Plaintiff's claims in the Complaint arise out of Plaintiff's termination of employment, which allegedly violated the FMLA and state law. (Compl. ¶¶ 30-31.) Moreover, the allegations that underlie the federal FMLA claim are specifically incorporated by reference into three other claims. (See Compl. ¶¶ 47, 55, 62.) Finally, Plaintiff's fifth cause of action for wrongful termination specifically invokes the "fundamental" public policy behind the "Family and Medical Leave Act." (Compl. ¶ 63.)[1]

15.    In short, this case is properly removable to federal court. Plaintiff's second cause of action under the FMLA gives rise to federal-question jurisdiction and supplemental jurisdiction exists over the remaining claims.

Dated: November 23, 2015

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DWIGHT L. ARMSTRONG
JOHN M. SCHEPPACH

By: /s/ John M. Scheppach
JOHN M. SCHEPPACH
Attorneys for Defendant
CR&R INCORPORATED

---

[1] Plaintiff's invocation of the FMLA in her fifth cause action could also separately support an independent basis for federal-question jurisdiction.