CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jennifer Han (SBN: 281655)<br>Mahoney Law Group, APC<br>249 East Ocean Boulevard, Suite 814<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 590-5550   FAX NO.: (562) 590-8400<br>ATTORNEY FOR (Name): Karla Velasco | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/16/2015** at 12:30:21 PM<br>Clerk of the Superior Court<br>By Davon Velasquez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Velasco v. CR&R Incorporated

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2015-00810297-CU-WT-CJC |
| | | JUDGE: Judge Mary Fingal Schulte<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/16/2015
Jennifer Han
_____   ►   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CR&R INCORPORATED and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARLA VELASCO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/16/2015** at 12:30:21 PM

Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)* Central Justice Center | CASE NUMBER: 30-2015-00810297-CU-WT-CJC |

700 Civic Center Drive West
Santa Ana, CA 92701

Judge Mary Fingal Schulte

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jennifer Han; 249 East Ocean Boulevard, Suite 814, Long Beach, CA 90802; (562) 590-5550

| | | | | |
|---|---|---|---|---|
| DATE: **09/16/2015** *(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by *(Secretario)* | *Dava Velasquez* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Davon Velasquez

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: CR&R INCORPORATED

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

EXHIBIT A

1  KEVIN MAHONEY, Esq. (SBN: 235367)
   kmahoney@mahoney-law.net
2  JENNIFER HAN, Esq. (SBN: 281655)
   jhan@mahoney-law.net
3  249 E. Ocean Boulevard, Suite 814
4  Long Beach, CA 90802
   Phone: 562.590.5550
5  Fax:    562.590.8400

6  Attorneys for Plaintiff KARLA VELASCO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/16/2015** at 12:30:21 PM
Clerk of the Superior Court
By Davon Velasquez,Deputy Clerk

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8  **FOR THE COUNTY OF ORANGE**

9

10 KARLA VELASCO

11          Plaintiff,

12 vs.

13

14 CR&R INCORPORATED and DOES 1
   through 50, inclusive,

15

16          Defendants.

17

18

19

CASE NO.:   30-2015-00810297-CU-WT-CJC

**COMPLAINT FOR DAMAGES**

1. Violation of CFRA (Gov. Code §
   12945.2)
2. Violation of FMLA (29 USC § 2601 et
   seq.)
3. Retaliation
4. Failure to Prevent Retaliation
5. Wrongful Termination In Violation of
   Public Policy

**DEMAND FOR JURY TRIAL**

Judge Mary Fingal Schulte

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1
COMPLAINT FOR DAMAGES

EXHIBIT A

Plaintiff, KARLA VELASCO hereby complains and alleges as follows:

## I.

## PARTIES

1.     Plaintiff, KARLA VELASCO (hereinafter "Plaintiff") is, and at all times herein mentioned was, a resident of the County of Los Angeles, of the State of California.

2.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendant, CR&R Incorporated (hereinafter "Defendant") was and is a California corporation, with corporate headquarters located in Stanton, California.

3.     Plaintiff is informed and believes and based thereon alleges that, at all times relevant hereto, Defendant was the employer of the Plaintiff during the relevant employment period.  During the liability period, Defendant employed Plaintiff.  On information and belief, and based thereon alleges that Defendant is conducting business in good standing in California.

4.     Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will seek leave of this court to amend this Complaint to insert their true names and/or capacities when the same are ascertained.

5.     Unless otherwise specified herein, each DOE defendant was the agent and employee of each Defendant, and in doing the things hereinafter mentioned, were at all times acting within the course and scope of that agency and employment.

## II.

## JURISDICTION AND VENUE

6.     This Court is the proper Court for filing of this action.  Plaintiff's injury, damages and claims at issue herein took place in the County of Orange.  Defendant is incorporated in the State of California with corporate headquarters located in Stanton, California.

7.     Venue is proper in this Court because Defendant does substantial business in the County of Orange, California, employed Plaintiff in the County of Orange, California, and the harm to Plaintiff occurred in the County of Orange, California.

///

COMPLAINT FOR DAMAGES

EXHIBIT A

### III.

### **ADMINISTRATIVE REMEDIES EXHAUSTED**

8.    At all times relevant, Defendant regularly employed five or more persons, brining Defendant within the provisions of Government Code Section 12900, et seq., prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

9.    Plaintiff has exhausted her administrative remedies by timely filing a complaint of discrimination and harassment in her employment with the California Department of Fair Employment and Housing ("DFEH"). The DFEH issued its Right-To-Sue Notice on July 14, 2015, authorizing this lawsuit and Plaintiff timely filed this action within the prescribed period subsequent to issuance of the Right-To-Sue Notice letter. Plaintiff has, therefore, exhausted her administrative remedies and timely filed this action within the prescribed period subject to issuance of the Right-To-Sue Notice letter.  A true and correct copy of the Right to Sue Letter, dated July 14, 2015, is attached herewith as Exhibit "A."

### IV.

### **GENERAL ALLEGATIONS**

10.    Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, of the State of California.

11.    Plaintiff is informed and believes, and based thereon alleges that, CR&R INCORPORATED is a corporation, and is and was the employer of the Plaintiff during the relevant employment period.  During the liability period, Defendant employed Plaintiff.  On information and belief, Plaintiff alleges that Defendants are conducting business in good standing in California and is subject to the California Fair Employment and Housing Act ("FEHA"), California Pregnancy Disability Leave Law ("PDLL"), California Family Rights Act ("CFRA"), and the Family Medical Leave Act ("FMLA").

12.    Plaintiff is not aware of the true names and/or capacities of those entities or individuals sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by

### EXHIBIT A

1 their fictitious names. Plaintiff will seek leave of this court to amend this Complaint to insert

2 their true names and/or capacities when the same are ascertained.

3   13. Unless otherwise specified herein, each DOE defendant was the agent and

4 employee of each Defendant, and in doing the things hereinafter mentioned, were at all times

5 acting within the course and scope of that agency and employment.

6   14. Plaintiff became employed full time with Defendant in or about May 21, 2013, as

7 a non-exempt Customer Service Representative.

8   15. Plaintiff worked for Defendant as a Customer Service Representative until her

9 termination, and never received any write-ups due to her work performance during the near two-

10 year period Plaintiff was employed.  In fact, Plaintiff consistently received praise for her

11 outstanding work performance. Within a period of only four (4) months, Plaintiff received a

12 promotion due to her exceptional work performance, as well as positive feedback and review

13 from her manager, Karen Kennedy.

14   16. On or about May 2013, Plaintiff became pregnant with a due date set for January

15 23, 2014.  Plaintiff was unfortunately confronted with medical complications during her

16 pregnancy that caused her doctor to order her off work on December 6, 2013.  Plaintiff promptly

17 notified Defendant of her circumstances and she was granted leave under pregnancy disability

18 leave and/or family and medical leave, commencing on December 9, 2013.

19   17. Plaintiff's medical condition constituted a disability caused by her pregnancy,

20 which entitled her to four months of disability leave during her pregnancy under California's

21 PDLL.  (Government Code Section 12945(a); 2 Cal.C.Regs. Section 7291.7(a)).

22   18. The CFRA further mandates that employers must provide an additional 12 weeks

23 of leave to employees after the PDLL leave expires to bond and care for a newborn baby.

24   19. The FMLA provides that employees have leave rights due to the serious health

25 condition of a child. (Government Code § 12945.2(c)(3)(A)).

26   20. On or about December 9, 2013, Plaintiff was told that she required surgery due to

27 symptomatic cholelithiasis.  Plaintiff promptly notified Defendant regarding the surgery and her

28 approximate date of return to work.

21.     On or about April 19, 2014, Plaintiff was told by her doctor that she would be able to return to work.   On or about April 28, 2014, Plaintiff resumed employment with CR&R to her regularly scheduled hours and work duties without any issues with regard to Plaintiff's work performance.

22.     On or about November 24, 2014, Plaintiff's infant son became extremely sick who continued to cough, vomit, and have extreme and abnormally high body temperatures. Plaintiff informed her supervisor of the situation when she arrived to work in the morning and requested to leave work early in order to take him to the hospital.

23.     Plaintiff's supervisor, informed Plaintiff later that day around 12:00 p.m. that if Plaintiff decided to leave early that day, she would receive a one-day suspension and six months of probation.  Plaintiff thereafter attempted to make arrangement to have another person take her son to the hospital, but ultimately could not find anyone.

24.     On or about November 25, 2014, Plaintiff's son continued to vomit, had high body temperature and could not stop coughing. Again, Plaintiff returned to work and informed her supervisor of the situation in the morning, and requested to leave work earlier in order to take her son to see a doctor.  By 4pm that day, Plaintiff followed up with her supervisors and managers when she received no response to her request made in the morning to leave earlier. Plaintiff was then finally approved to leave work.

25.     On or about November 25, 2014, after evaluating and assessing Plaintiff's son, Dr. Hernandez diagnosed Plaintiff's son with Bronchiolitis-Bronchitis, and Upper Respiratory Infection.  Dr. Hernandez prescribed Amoxicillin, Albuterol Sulfate, and Prednisolone. Plaintiff's son was required to return for continued treatment and evaluation for his condition.

26.     On or about January 26, 2015, Plaintiff's son became seriously ill once again. Plaintiff went into work the same day, informing her supervisor of the situation.  Plaintiff's supervisor did not approve her leaving work early and Plaintiff stayed to complete her work day and was unable to take her son to see a doctor.

27.     On or about January 27, 2015, Plaintiff's sons condition worsened.  Plaintiff called her Supervisor, and informed her that Plaintiff will be taking her son to the doctor and

COMPLAINT FOR DAMAGES

EXHIBIT A

would not be coming into work. Plaintiff's son had a fever, cough, noise in his chest, and phlegm. Dr. Hernandez administered an intramuscular injection of steroids and prescribed the same medications as he did in November when Plaintiff's son became ill. Additionally, Plaintiff was advised to closely monitor her son, due to the possibility of developing an obstructive airway disease, and to follow-up with his physician in one week if there was no improvement.

28. On or about January 28, 2015, Plaintiff called her supervisor, informing her that she would not be able to come into work due to her son's health condition, and sent Supervisor Elisa Bene the doctor's note.

29. On or about January 30, 2015, Plaintiff returned to work when she was told that the doctor's note was unacceptable, and that Plaintiff needed to speak with Human Resources. Human Resources informed Plaintiff that she was terminated since Plaintiff did not have any sick hours available.

30. Plaintiff was denied the right to return to her same position or comparable position and was terminated while caring for her sick infant son thereby violating Plaintiff's rights under the PDLL, CFRA, and FMLA.

31. Plaintiff is informed and believes and on that basis alleges that at all relevant times, Plaintiff was eligible for the benefits and protections under the PDLL, CFRA, and FMLA.

## V.

## FIRST CAUSE OF ACTION

### Violation of California Family Rights Act ("CFRA") – Government Code § 12945.2

### (Plaintiff against Defendant)

32. Plaintiff re-alleges and incorporates herein those matters contained in paragraphs 1 through 31 as though fully set forth.

33. At all times herein mentioned, California Government Code Section 12945.2 was in full force and effect. This statute, in pertinent part, makes it an unlawful employment practice in the State of California for an employer to refuse to grant a request for family care and medical leave by an employee.

///

34.     Plaintiff was a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act ("CFRA"), embodied in Cal. Gov. Code § 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendant and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period prior to her requested and/or taken leaves. Further, Plaintiff had a qualifying serious health condition as described herein.

35.     Plaintiff provided reasonable notice of her need for medical leave and requested/took leave for the care of her son's serious health condition that made her unable to perform the functions of her job with Defendant.

36.     Defendant violated the CFRA by terminating Plaintiff because of protected absences and/or because of foreseeable future need for protected absences, interfering with Plaintiff's right to leave, counting Plaintiff's legally protected absences against her for purposes of performance, and/or otherwise discouraging her from taking required leave.

37.     Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

38.     As a direct and foreseeable result of the aforesaid acts of Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Cal. Civ. Code § 3287 and/or any other provision of law providing for pre-judgment interest.

39.     The above described acts of Defendant, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional matter in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Cal. Civ. Code § 3294. Plaintiff requests an assessment of punitive damages against Defendants, in an amount to be proven at the time of trial.

40.     Plaintiff is entitled to recover prevailing party's attorneys' fees pursuant to the provision of the California Fair Employment & Housing Act (Government Code Section 12900, et seq.), and by other statutory entitlements.

**VI.**

**SECOND CAUSE OF ACTION**

**(Violation of Family Medical Leave Act (29 USC § 2601 et seq.))**

**(Plaintiff against Defendant)**

41.     Plaintiff hereby incorporates paragraphs 1 through 40, inclusive, as if fully stated herein.

42.     The above described acts of Defendant constitute violations of the FMLA.  The FMLA entitles an employee to a leave of absence to attend to a serious health condition of a child. An employer is prohibited from interfering with an eligible employee's right to take leave under the FMLA or retaliating against an employee for taking such a leave.

43.     An employer may not discriminate, discharge, or retaliate against an employee for taking leave under the FMLA.

44.     Plaintiff invoking her right to take leave to care for her sick son suffering from a serious medical condition under the FMLA was the causal link to the retaliation experience by Plaintiff.

45.     By reason of Defendant's unlawful acts, practices, and omissions, Plaintiff has suffered monetary damages.

46.     Pursuant to 29 USC §§ 2617(a)(1)(A), Plaintiff demands as damages an additional equal amount as liquidated damages upon establishing that the employer's actions were willful.

**VII.**

**THIRD CAUSE OF ACTION**

**Retaliation – Violation of California Government Code § 12940(h)**

**(Plaintiff against Defendant)**

47.     Plaintiff re-alleges and incorporates those matters contained in paragraphs 1 through 46 as though fully set forth herein.

48.     At all times herein mentioned, California Government Code section 12940(h) was in full force and effect.  This statute makes it unlawful for an employer doing business in the State of California, to retaliate against an employee for engaging in protected activity.

49.     By the facts alleged hereinabove, Plaintiff engaged in protected activity, including but not limited to, requesting medical leave to care for her son's serious condition.  Plaintiff has a reasonable belief that she has been subjected to retaliation based on engaging in activities that are protected under the laws of the State of California.

50.     Plaintiff's attempts to engage in a timely good-faith interactive process regarding a reasonable accommodation under the FEHA were substantial motivating reasons for Defendant's decision to terminate her employment.  Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

51.     As a direct and foreseeable result of the aforesaid acts of Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.  Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Cal. Civ. Code § 3287 and/or any other provision of law providing for pre-judgment interest.

52.     As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

53.     The above described acts of Defendant, by and through its managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Cal. Civ. Code § 3294.  Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at the time of trial.

54.     Plaintiff is entitled to recover prevailing party's attorneys' fees pursuant to the provision of the California Fair Employment & Housing Act (Government Code Section 12900, et seq.), and by other statutory entitlements.

///

///

///

///

///

9

COMPLAINT FOR DAMAGES

EXHIBIT A

**VIII.**

**FOURTH CAUSE OF ACTION**

**Failure to Prevent Retaliation**

**(Plaintiff against Defendant)**

55.    Plaintiff re-alleges and incorporates those matters contained in paragraphs 1 through 54 as though fully set forth herein.

56.    Plaintiff was subjected to discrimination because Defendant knew her infant son was suffered from a physical or mental disability or disabilities protected under the FEHA and/or was subjected to retaliation because she opposed Defendant's unlawful and discriminatory employment practices and/or engaged in other lawfully protected activities.

57.    Such conduct is in violation of the FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

58.    As a direct and foreseeable result of the aforesaid acts of Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Cal. Civ. Code § 3287 and/or any other provision of law providing for pre-judgment interest.

59.    As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

60.    The above described acts of Defendant, by and through its managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional matter in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Cal. Civ. Code § 3294.  Plaintiff requests an assessment of punitive damages against Defendant, in an amount to be proven at the time of trial.

61.    Plaintiff is entitled to recover prevailing party's attorneys' fees pursuant to the provision of the California Fair Employment & Housing Act (Government Code Section 12900, et seq.), and by other statutory entitlements.

///

10

COMPLAINT FOR DAMAGES

**EXHIBIT A**

**IX.**

**FIFTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**(Plaintiff against Defendant)**

62.     Plaintiff re-alleges and incorporates those matters contained in paragraphs 1 through 61 as though fully set forth herein.

63.     Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including, without limitation the right to protections against discrimination because of a disability, the right to an interactive process and accommodations of a disability, and the right to take statutory medical leave under the California Family Rights Act and/or Family and Medical Leave Act.  These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

64.     As set forth above, said actions by Defendant was wrongful and in violation of the fundamental public policy of the State of California as reflected in its laws, objectives and policies.  Said laws, which establish these fundamental public policies include, without limitation: Government Code section 12940, et seq., Government Code section 12945.2, and related sections.

65.     As a direct and foreseeable result of the aforesaid acts of Defendant, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Cal. Civ. Code § 3287 and/or any other provision of law providing for pre-judgment interest.

66.     As a result of the aforesaid acts of Defendant, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

67.     The above described acts of Defendant, by and through their managing agents, officers or directors, were engaged in with a deliberate, cold, callous, fraudulent and intentional matter in order to injure and damage Plaintiff and/or with a conscious disregard for Plaintiff's rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the

11

COMPLAINT FOR DAMAGES

EXHIBIT A

1  meaning of Cal. Civ. Code § 3294.  Plaintiff requests an assessment of punitive damages against

2  Defendants, in an amount to be proven at the time of trial.

3  X.

4  **PRAYER FOR RELIEF**

5  **WHEREFORE, Plaintiff prays for the following relief:**

6       1.    For compensatory damages in an amount according to proof;

7       2.    For general damages in an amount according to proof;

8       3.    For attorneys' fees and expenses under the FEHA;

9       4.    For punitive damages in an amount according to proof;

10       5.    For costs of the suit herein incurred; and

11       6.    For such other and further relief as this court may deem proper and just.

13  Dated: September 16, 2015            **MAHONEY LAW GROUP, APC**

15                      */s/Jennifer Han*

                    Kevin Mahoney

16                      Jennifer Han

                    Attorneys for Plaintiff

17                      KARLA VELASCO

12
COMPLAINT FOR DAMAGES

EXHIBIT A

# EXHIBIT A

EXHIBIT A



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency _____ GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

July 14, 2015

Jennifer Han
249 East Ocean Boulevard, Suite 814
Long Beach California 90802

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 606107-169825
Right to Sue: Velasco / CRandR Incorporated

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

EXHIBIT A



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 14, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 606107-169825
Right to Sue: Velasco / CRandR Incorporated

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 14, 2015

Karla Velasco
13611 Orange Avenue
Paramount California 90723

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 606107-169825
Right to Sue: Velasco / CRandR Incorporated

Dear Karla Velasco,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective July 14, 2015 because an immediate Right
to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:

EXHIBIT A

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

### BEFORE THE STATE OF CALIFORNIA

3

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act

4

(Gov. Code, § 12900 et seq.)

5

6

In the Matter of the Complaint of                    DFEH No. 606107-169825

7

Karla Velasco, Complainant.
13611 Orange Avenue

8

Paramount California 90723

9

vs.

10

11

CRandR Incorporated, Respondent.
11292 Western Avenue

12

Stanton,  California 90680

13

14

Complainant alleges:

15

1. Respondent **CRandR Incorporated** is a subject to suit under the California Fair Employment and Housing

16

Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

17

2. On or around **January 30, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Retaliation Terminated**, .  Complainant believes respondent committed these actions

18

because of their: **Family Care or Medical Leave** .

19

3. Complainant **Karla Velasco** resides in the City of **Paramount**, State of **California**.  If complaint includes co-respondents please see below.

20

21

22

DFEH 902-1

-5-
*Complaint – DFEH No. 606107-169825*

Date Filed: July 14, 2015

EXHIBIT A

1

2   **Additional Complaint Details:**

3   I believe I was retaliated against for utilizing time taken under the FMLA.  I worked as a

4   Customer Service Representative for almost two years with CRandR Incorporated.  On
    November 24, 2014, my ten month old son became extremely sick with a fever,

5   coughing, and vomiting.  I needed to take him to the hospital and asked my supervisor if
    I could leave work early to take him to the hospital.  My supervisor informed me that I

6   would receive a one-day suspension and six months of probation if I left early.  The next

7   day, on November 25, 2014, my son was still very sick and I asked my supervisor again
    if I could leave early to take him to the hospital.  I was finally allowed to leave to take

8   him to the hospital at around 4 PM.  At the hospital I received a doctors note and my
    son was diagnosed with Bronchitis and an upper respiratory infection, and was required

9   to return for continued treatment and evaluation for his condition.  On January 26, 2015,

10  my son became very ill once again.  I went to work at my scheduled time and informed
    my supervisor of the situation.  She did not allow me to leave early to take my son to the

11  doctor.  On January 27, 2015, my sons condition had worsened so I called my
    supervisor and informed her I would be unable to work that day because I had to take

12  my son to the doctor.  The doctor (Dr. Hernandez) gave me a note with instructions to
    stay home and care for my son for at least two days.  On January 28, 2015, I provided

13  my supervisor with the doctors note and informed her I would not be able to work due to

14  my sons medical condition.  On January 30, 2015 when I returned to work, my
    supervisor stated that my doctors note was unacceptable and I was asked to speak with

15  Human Resources Department.  HR informed me that I was terminated due to not
    having any sick hours available during the time I took off.

16

17

18

19

20

21

22

*Complaint – DFEH No. 606107-169825*

DFEH 902-1

Date Filed: July 14, 2015

EXHIBIT A

1

VERIFICATION

2   I, **Jennifer Han**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters

3   which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On July 14, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5                                                                      Long Beach, California

6                                                                      Jennifer Han

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-7-
*Complaint – DFEH No. 606107-169825*

Date Filed: July 14, 2015

EXHIBIT A